# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AELLIS OBTENEBRIX,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>WOODS COVE ART STUDIO AND GALLERY, LLC and TONY COX,<br><br>　　　　　　　　　Defendants. | Case No.: 3:23-cv-00205-RBM-DEB<br><br>**ORDER TO SHOW CAUSE RE: VENUE** |

On February 2, 2023, Plaintiff Aellis Obtenebrix ("Plaintiff") filed a Complaint against Defendants Woods Cove Art Studio and Gallery LLC and Tony Cox ("Defendants") alleging claims for copyright infringement, breach of contract, and libel. (Doc. 1.) Plaintiff did not pay the required filing fee and instead filed a motion to proceed in forma pauperis. (Doc. 2.)

Upon an initial review of Plaintiff's Complaint, it appears that venue is improper in this District. Under the Federal Rules of Civil Procedure, a civil case may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving

rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper in the district where the case was filed, a district court has discretion to transfer the action to a district where the case "might have been brought" "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a).

"[T]he Court may sua sponte raise improper venue so long as the defendant has not filed a responsive pleading and the parties are provided with an opportunity to respond to the issue." *Eliason v. U.S. Dep't of Justice*, No. CV 20-00257 JAO-WRP, 2020 WL 3258407, at *1 (D. Haw. June 16, 2020) (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted)); *see also Zhu v. Whinery*, 109 F. App'x 137, 138 (9th Cir. 2004) (affirming dismissal of case based on improper venue following an order to show cause). Plaintiffs bear the burden of demonstrating that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

Here, the Complaint does not appear to allege any basis for venue in the Southern District of California. The Complaint states both Defendants "reside and conduct business within Orange County, California." (Doc. 1 at 1.) Although Plaintiff appears to have recently located to San Diego County (*id.*), Plaintiff alleges all relevant events occurred in Orange County while all parties (including Plaintiff) resided therein. (*Id.*) Orange County is contained in the Central District of California. Based on these facts, it appears venue may be proper in the Central District of California, not the Southern District of California. 28 U.S.C. § 1391(b).

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** by <u>**March 7, 2023**</u> why this action should not be dismissed or transferred for improper venue. Plaintiff must file a

response to this Order explaining why venue in the Southern District of California is proper.  Alternatively, Plaintiff may consent to transfer the case to an appropriate venue. **Plaintiff is cautioned that if he does not file any response to this Order by the deadline, this case will be dismissed.**

   IT IS SO ORDERED.

DATE:  February 7, 2023

                  _____
                  HON. RUTH BERMUDEZ MONTENEGRO
                  UNITED STATES DISTRICT JUDGE